IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TBD STANDARD, LLC as Personal Representative of the ESTATE OF DONALD BODICK, | § No. 105, 2026<br>§<br>§ Court Below—Superior Court<br>§ of the State of Delaware |
| Defendant Below,<br>Appellant, | §<br>§ Consol. C.A. No. K22C-06-043 |
| v. | §<br>§<br>§ |
| AUGUST GOGOE, GRANDA BROWN, JOSEPH MUKAKU and APRIL N. BAILEY, | §<br>§<br>§<br>§ |
| Plaintiffs Below,<br>Appellees. | §<br>§<br>§ |

Submitted: April 16, 2026[1]
Decided:   May 11, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal, the supplemental notice, the exhibits, and the transcripts of the interlocutory rulings, it appears to the Court that:

(1)    On July 10, 2021, there was a multi-vehicle accident on Route 1 near Milford, Delaware. The drivers of the three vehicles involved were Donald Bodick,

---

[1] The supplemental notice of interlocutory appeal was filed on March 19, 2026, but the transcripts of the relevant interlocutory rulings were docketed on April 16, 2026.

April N. Bailey, and Augustus Gogoe. Karen Bodick, Bodick's wife, was a passenger in his vehicle. Alpha Diaby and Joseph Mukaku were passengers in Gogoe's vehicle. The narrative portion of the police report suggested that Bailey was responsible for causing the accident.

(2)     The accident led to the filing of four cases in the Superior Court. On June 28, 2022, Diaby filed a lawsuit against Bailey, Bodick and Gogoe. On November 11, 2022, the Bodicks filed a lawsuit against Bailey. In her answer to that complaint, Bailey included a third-party complaint against Bodick and Gogoe. On January 27, 2023, Gogoe and his wife Granda Brown filed a lawsuit against Bailey. On February 2, 2023, Mukaku filed a lawsuit against Bailey. In her answers to those complaints, Bailey included third-party complaints against Bodick and Gogoe. The cases were consolidated.

(3)     During discovery, depositions of most of the parties, including Bodick, continued to suggest that Bailey was responsible for causing the accident. On September 23, 2024, after the statute of limitations had expired, a video of the accident was discovered. The video contained footage suggesting that Bodick was potentially responsible for the accident, contradicting Bodick's statements to police and deposition testimony.

(4)     Based on this video footage, Gogoe, Brown, and Mukaku moved to amend their complaints to include direct claims against Bodick. Bodick opposed the

motion, arguing that the amendments did not relate back to the original complaints because the requirements of Superior Court Civil Rule 15(c)(2) and (c)(3) were not met. A Superior Court Commissioner granted the motion on November 7, 2024, and Bodick moved for reargument. Bodick died in December. On January 13, 2025, Bailey moved to intervene and amend her answers/third party complaints so that she could be added as plaintiff and bring a direct action against Bodick and Gogoe.

(5) After delays relating to the substitution of TBD Standard, LLC as the personal representative of Bodick's estate and scheduling conflicts, the Superior Court heard arguments on the motions to reconsider and intervene on February 6, 2026. The court denied the motion for reconsideration, concluding that the amendments related back to the original complaints under Superior Court Civil Rule 15(c)(3). The court granted Bailey's motion for intervention.

(6) TBD Standard filed a timely application for certification of an interlocutory appeal under Supreme Court 42. TBD Standard argued that the Rule 42(b)(iii) factors weighed in favor of certification. Bailey, Gogoe, Brown, and Mukaku opposed the application.

(7) The Superior Court denied the application for certification. In denying certification, the Superior Court first found that the interlocutory rulings did not decide a substantial issue of material importance. The court next considered the Rule 42(b)(iii) criteria. As to Rule 42(b)(iii)(A) (a question of law resolved for the

3

first time in Delaware), the court rejected TBD's argument that whether a complaint can relate back against a known party based on later-discovered evidence is a matter of first impression supporting certification. The court characterized the issue as "whether mistake under Superior Court Civil Rule 15(c)(3)(B) is satisfied when an existing party engages in misrepresentation that influences how litigation is commenced—which is then contradicted by subsequently-discovered evidence— and then challenges relation back to prevent the entirety of the case being decided on its merits."[2] Although this Court has not addressed the issue, the Superior Court has found that the mistake requirement of Rule 15(c)(3)(B) is satisfied when a plaintiff is affirmatively misled.

(8)     The court agreed with TBD that Rule 42(b)(iii)(D) (the interlocutory order sustained the controverted jurisdiction of the trial) weighed in favor of certification because the amended claims were brought after the expiration of the statute of limitations. But the court rejected TBD's contention that Rule 42(b)(iii)(G) (interlocutory review may terminate the litigation) and 42(b)(iii)(H) (interlocutory review may serve considerations of justice) weighed in favor certification. Regardless of whether the interlocutory rulings were reversed, the litigation, which was almost four years old, would continue and TBD would remain a party. The court

---

[2] *Diaby v. Bailey*, 2026 WL 659105, at \*4 (Del. Super. Ct. Mar. 9, 2026).

found the remaining Rule 42(b)(iii) criteria inapplicable. Finally, the court found that the benefits of interlocutory review would not outweigh the probable costs.

(9) Applications for interlocutory review are addressed to the sound discretion of this Court.[3] In the exercise of our discretion and giving due weight to the Superior Court's view, we conclude that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). We agree with the Superior Court that the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review. Exceptional circumstances that would merit interlocutory review do not exist,[4] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[3] Supr. Ct. R. 42(d)(v).
[4] *Id.* 42(b)(ii).
[5] *Id.* 42(b)(iii).

5